| | |
|---|---|
| RUSSELL DEAN ALLEN,<br><br>                Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. C11-5466-JRC<br><br>ORDER GRANTING STIPULATED MOTION FOR REMAND |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5, Consent to Proceed Before a United States Magistrate Judge, ECF No. 6.) This matter is before the Court on Defendant's stipulated motion to remand the matter to the Commissioner for further consideration. (ECF No. 20.)

Based on the stipulation of the parties, it is hereby ORDERED that the above-captioned case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including, but not limited to, the following actions: the

administrative law judge assigned to this matter following remand (the "ALJ") will obtain testimony from a medical expert to assist in determining whether or not Plaintiff was disabled by his impairments during the time period from February 1, 1998 through July 31, 2007, and, if so, the onset date of Plaintiff's disability; the ALJ will consider further and specify the weight accorded to the written statements of Plaintiff (Tr. 171-179) and his mother, Betty L. Barnhart (Tr. 145-155); the ALJ will consider further and specify the weight given to Dr. Turner's opinions (Tr. 409-416, 417); the ALJ will consider further the credibility of Plaintiff's subjective complaints, including the alleged limiting effects of any symptoms, including pain, that are reasonably attributable to medically determinable impairment(s); the ALJ will evaluate further Plaintiff's residual functional capacity and explain any functional effects of symptoms, including pain; and, if necessary, the ALJ will consider further, with assistance of additional vocational expert testimony, Plaintiff's ability to perform other work in the national economy.

This Court further orders that the ALJ take any other actions necessary to develop the record. In addition, Plaintiff should be allowed to submit additional evidence and arguments to the ALJ on remand.

This case is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g). Judgment is for Plaintiff and this case should be closed.

Dated this 9th day of December, 2011.

J. Richard Creatura
United States Magistrate Judge